

FILED

AUG 17 2020

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Segura, Deputy

1 DIVERSITY LAW GROUP, P.C.
Larry W. Lee (State Bar No. 228175)
2 lwlee@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
3 sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
4 Los Angeles, California 90071
Telephone: (213) 488-6555
5 Facsimile  (213) 488-6554

6 Attorneys for Plaintiff, the Class, and Aggrieved Employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MARIN

DAWN WILLIAMS, as a private attorney general and as an individual and on behalf of all others similarly situated,

Plaintiffs,

vs.

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Massachusetts corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: CIV2002149

CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:

(1) VIOLATION OF LAB. CODE §§ 226.7, 512;
(2) VIOLATION OF LAB. CODE §§ 510, 558. 1194
(3) VIOLATION OF LAB. CODE § 226(a);
(4) VIOLATION OF BUS. & PROF. CODE §§ 17200 *ET SEQ.*; AND
(5) VIOLATION OF LAB. CODE §§ 2698 *ET SEQ.*

DEMAND OVER $25,000.00

---

CLASS AND REPRESENTATIVE ACTION COMPLAINT

On behalf of herself and other similarly situated current and former employees of Defendants, and as a proxy for the State of California, Plaintiff, Dawn Williams, submits this Class and Representative Action Complaint against Defendant, Clean Harbors Environmental SE, and Does 1 through 50 (collectively, "Defendants").

## INTRODUCTION

1. This class and representative action challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants. The Complaint seeks penalties, damages, and other relief for Defendants' violations of Labor Code sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194.[1]

2. Plaintiff is informed and believes that Defendants have jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of employees by failing to provide meal and rest breaks, pay all wages and overtime due, pay all wages due upon the separation of employment, or provide accurate itemized wage statements.

3. Defendants routinely refused to provide proper and timely off-duty meal and rest breaks. Rather, Plaintiff and other employees were routinely denied requests to take meal and rest breaks. Despite this, Defendants automatically deducted a half hour of work time from Plaintiff and other employees' worked hours each workday. Defendants thus violated Sections 226.7 and 512 by failing to provide proper meal and rest breaks to Plaintiff and other non-exempt employees and owe Plaintiff and other employees premium wages for missed meal and rest breaks.

4. Plaintiff and other employees would routinely work more than 8 hours per day or 40 hours per workweek, as reflected by actual time punch records. Whenever wages were paid, Defendants would shave off such overtime hours worked. Defendants additionally would automatically deduct a half hour of work time from Plaintiff and other employees' worked hours each workday. Defendants thus violated Sections 510, 558, and 1194 by failing to pay wages and

---

[1] Except as otherwise noted, all "Section" references are to the Labor Code.

1

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

overtime to Plaintiff and other non-exempt employees for all hours worked and owe Plaintiff and other employees wages and overtime for all hours worked.

5. Plaintiff and other employees would routinely work more than 8 hours per day or 40 hours per workweek, as reflected by actual time punch records. Whenever wages were paid, Defendants would shave off such overtime hours worked. Defendants additionally would automatically deduct a half hour of work time from Plaintiff and other employees' worked hours each workday. The wages for time shaved off or automatically deducted were not paid to Plaintiff and other employees upon the separation of employment. Defendants thus violated Sections 201-204 by not timely paying employees all due wages or timely paying employees all due wages upon the separation of employment and owe Plaintiff and other employees statutory penalties.

6. Every wage statement issued by Defendants to Plaintiff and other employees failed to identify the pay period start date, as the wage statements only identified the "Period Ending" date. Furthermore, for employees like Plaintiff who were paid on an hourly basis, the wage statements failed to identify applicable hourly rates of pay for wages earned. Rather, the wage statements simply showed the gross wages paid for each type of wage and the applicable hours used to calculate such wages. As alleged herein Defendants also would shave off overtime hours worked by Plaintiff and other employees and additionally would automatically deduct a half hour of work time from Plaintiff and other employees' worked hours each workday. The wages for time shaved off or automatically deducted were not paid to Plaintiff and other employees and the applicable hours worked, applicable wage rates, total hours worked, gross wages earned, and net wages earned were inaccurately displayed on wage statements. Defendants thus violated Section 226 by failing to provide accurate itemized wage statements and owe applicable penalties to Plaintiff and other employees.

7. Plaintiff is informed and believes that Defendants have engaged in, among other things, a system of willful violations of the Labor Code by creating and maintaining policies, practices, and customs that knowingly deny its employees the above stated rights and benefits.

2

CLASS AND REPRESENTATIVE ACTION COMPLAINT

8. The policies, practices, and customs of Defendants resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the Labor Code.

## JURISDICTION AND VENUE

9. The Complaint seeks relief in excess of $25,000.00. The Court has jurisdiction of Defendants' violations of Sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194, and of the Unfair Competition Law, codified at Business and Professions Code sections 17200 *et seq.* (the "UCL").

10. Venue is proper. Defendants are located in Marin County. Plaintiff worked for Defendants in Novato, California.

## PARTIES

11. Plaintiff began working for Defendants in or about April of 2017. Throughout her employment as a chemist until about April of 2020 when her employment was terminated, Plaintiff was paid on an hourly basis as a non-exempt employee. During Plaintiff's employment, Defendants routinely refused to provide proper and timely off-duty meal and rest breaks. Rather, Defendants routinely denied Plaintiff's requests to take meal and rest breaks. Despite this, Defendants automatically deducted a half hour of work time from Plaintiff's worked hours each workday. Plaintiff also would routinely work more than 8 hours per day or 40 hours per workweek, as reflected by actual time punch records. Whenever wages were paid, Defendants would shave off such overtime hours worked by Plaintiff. The wages for time shaved off or automatically deducted were not paid to Plaintiff upon the separation of employment, and the applicable hours worked, applicable wage rates, total hours worked, gross wages earned, and net wages earned were inaccurately displayed on each of Plaintiff's wage statements. Moreover, every wage statement issued by Defendants to Plaintiff also failed to identify (i) the pay period start date, instead identifying only the "Period Ending" date, or (ii) the applicable hourly rates of pay for wages earned, instead showing only the gross wages paid for each type of wage and the applicable hours used to calculate such wages. Plaintiff is a victim of the policies, practices, and

customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by the Labor Code and the UCL.

12. Plaintiff is informed and believes that Defendant, Clean Harbors Environmental SE, was and is a Massachusetts corporation. Plaintiff is informed and believes that at all times herein mentioned Defendant and Does 1 through 50, are and were corporations, business entities, individuals, or partnerships that are and were licensed to do business and actually doing business in the State of California. Based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to Sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194, and the UCL.

13. Plaintiff does not know the true names or capacities of the defendants sued herein as Does 1 through 50, whether individual, partner, or corporate, and for that reason, said defendants are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused the illegal employment practices, wrongs, and injuries complained of herein.

14. At all times herein mentioned, each of said Defendants participated in the doing of the acts alleged herein. Defendants, and each of them, were the agents, servants, or employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes that at all times material hereto, each of said Defendants was the agent, employee, alter ego, or joint venturer of, or was working in concert with, each of the other Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, or omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, or omissions of the acting Defendants.

16. Plaintiff is informed and believes that at all times material hereto each of the Defendants (i) aided and abetted the acts and omissions of each of the other Defendants in

proximately causing the alleged harms, or (ii) were members of, engaged in, and acting within the course and scope of, and in pursuance of, a joint venture, partnership, or common enterprise.

## CLASS ACTION ALLEGATIONS

17. **Definition:** Pursuant to Code of Civil Procedure section 382. Plaintiff seeks class certification of the following classes (i) all current and former non-exempt employees of Defendants in the State of California since April 6, 2016 (the "Unpaid Class"), and (ii) all current and former employees of Defendants in the State of California since April 6, 2019 (the "Wage Statement Class"). The Unpaid Class and Wage Statement Class are collectively referred to as the "Class."

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes that Defendants violated Sections 226.7 and 512 by failing to provide meal and rest breaks, Sections 510 and 1197 by failing to pay all wages and overtime due, Sections 201-204 by failing to timely pay all wages due and by failing to timely pay all wages due upon the separation of employment, and Section 226(a) by failing to provide accurate itemized wage statements.

19. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent Plaintiff and the Class. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and continue to litigate numerous wage-and-hour class actions currently pending in California state and federal courts.

20. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst the claims of Plaintiff and of the Class. Plaintiff is informed and believes that Defendants uniformly administer a corporate policy and practice of (i) routinely refusing to provide proper and timely off-duty meal and rest breaks and routinely denying requests by Plaintiff and other employees to take meal and rest breaks; (ii)

5

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

shaving off overtime hours routinely worked by Plaintiff and other employees in excess of 8 hours per day or 40 hours per workweek, as reflected by actual time punch records; (iii) automatically deducting a half hour of work time from Plaintiff and other employees' worked hours each workday; (iv) failing to identify at all the pay period start date or applicable hourly rates of pay for wages earned on wage statements issued to Plaintiff and other employees; and (v) failing to accurately show the applicable hours worked, applicable wage rates, total hours worked, gross wages earned, and net wages earned on wage statements issued to Plaintiff and other employees.

21. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff suffered the alleged harms in a similar and typical manner as other members of the Class suffered. Plaintiff was paid on an hourly basis. Defendants routinely refused to provide proper and timely off-duty meal and rest breaks. Rather, Defendants routinely denied Plaintiff's requests to take meal and rest breaks. Despite this, Defendants automatically deducted a half hour of work time from Plaintiff's worked hours each workday. Plaintiff also would routinely work more than 8 hours per day or 40 hours per workweek, as reflected by actual time punch records. Whenever wages were paid, Defendants would shave off such overtime hours worked by Plaintiff. The wages for time shaved off or automatically deducted were not paid to Plaintiff upon the separation of employment, and the applicable hours worked, applicable wage rates, total hours worked, gross wages earned, and net wages earned were inaccurately displayed on each of Plaintiff's wage statements. Moreover, every wage statement issued by Defendants to Plaintiff also failed to identify (i) the pay period start date, instead identifying only the "Period Ending" date, or (ii) the applicable hourly rates of pay for wages earned, instead showing only the gross wages paid for each type of wage and the applicable hours used to calculate such wages. Plaintiff thus is a member of the Class and has suffered the alleged violations of the Labor Code.

22. The Labor Code is broadly remedial in nature. Its laws serve an important public interest in establishing minimum working conditions and requirements in California. These labor

standards protect employees from onerous terms and conditions of employment or exploitation by employers who have superior economic and bargaining power.

23. The nature of this action and the format of laws available to Plaintiff and members of the Class make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former or current employer for real and justifiable fear of retaliation and permanent damage to their careers at their current or subsequent employment.

24. The prosecution of separate actions by individual members of the Class, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual members of the Class that would establish potentially incompatible standards of conduct for Defendants, or (b) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of, or substantially impair or impede the ability to protect, the interests of other members of the Class not parties to the adjudications. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering the concomitant costs and expenses.

25. Defendants' pattern, practice, and uniform administration of corporate policy in violation of the Labor Code is unlawful. Proof of a common business practice or factual pattern will establish the rights of Plaintiff and the Class under Sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194, applicable IWC Wage Orders, the UCL, and Code of Civil Procedure section 1021.5 to recover unpaid wages and overtime, including interest thereon, liquidated damages, applicable penalties, reasonable attorneys' fees, and costs of suit.

26. This action is brought for the benefit of the Class, which is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendant.

## FIRST CAUSE OF ACTION

### Violation of Labor Code §§ 226.7, 512

**(By Plaintiff and the Unpaid Class Against All Defendants)**

27. The preceding paragraphs are re-alleged and incorporated by this reference.

28. Because Plaintiff and other similarly aggrieved employees were non-exempt employees, the Defendants were required to comply with Sections 226.7 and 512, and the applicable IWC Wage Order.

29. Section 226.7(b) provides that an employer shall not require an employee to work during a meal or rest period. Section 512(a) generally provides that an employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. The applicable IWC Wage Order generally requires an employer to provide a duty-free, 10-minute rest period for every four hours worked, or major fraction thereof.

30. At all relevant times, Defendants were and are responsible for paying premium compensation for missed meal and rest periods pursuant to Section 226.7 and the applicable IWC Wage Order. Specifically, Section 226.7(c) states that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

31. As a matter of policy and practice, Defendants routinely refused to provide proper and timely off-duty meal and rest breaks. Rather, Plaintiff and other members of the Unpaid Class were routinely denied requests to take meal and rest breaks. Despite this, Defendants automatically deducted a half hour of work time from Plaintiff and other members of the Unpaid Class's worked hours each workday. Defendants thus violated Sections 226.7 and 512 by failing to provide proper meal and rest breaks to Plaintiff and other members of the Unpaid Class and owe premium wages for missed meal and rest breaks. As a matter of policy and practice,

8

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Defendants also regularly failed to pay premium compensation for each day Plaintiff and the Unpaid Class were not provided meal and rest period.

32. Such a pattern, practice, and uniform administration of corporate policy is unlawful under Sections 226.7 and 512 and the applicable IWC Wage Order, and entitles Plaintiff and other members of the Class to recover the unpaid balance of the unpaid premium wages, including interest thereon, penalties, attorneys' fees, and costs of suit.

## SECOND CAUSE OF ACTION

### Violation of Labor Code §§ 510, 558, and 1194

### (By Plaintiff and the Unpaid Class Against All Defendants)

33. The preceding paragraphs are re-alleged and incorporated by this reference.

34. This cause of action is brought pursuant to Sections 510, 558, and 1194, which requires an employer to pay employees at least minimum wages for all hours worked and overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or forty hours in a workweek.

35. As a matter of policy and practice, Defendants suffered and permitted Plaintiff and the Unpaid Class to work in excess of 8 hours in a workday or over 40 hours in a workweek without proper overtime pay. Plaintiff and other members of the Unpaid Class would routinely work more than 8 hours per day or 40 hours per workweek, as reflected by actual time punch records. Whenever wages were paid, Defendants would shave off such overtime hours worked. As a matter of policy and practice, Defendants additionally would automatically deduct a half hour of work time from Plaintiff and other members of the Unpaid Class's worked hours each workday. Defendants thus violated Sections 510, 558, and 1194 by failing to pay wages and overtime to Plaintiff and other members of the Unpaid Class for all hours worked and owe Plaintiff and the Unpaid Class wages and overtime for all hours worked.

36. Such a pattern, practice, and uniform administration of corporate policy is unlawful under Sections 510 and 1197 and the applicable IWC Wage Order, and entitles Plaintiff and other members of the Class to recover the unpaid wages and overtime, including interest thereon, liquidated damages or penalties, attorneys' fees, and costs of suit.

37. Section 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Section 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Section 203 provides that if an employer willfully fails to pay wages owed in accordance with Sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days. Section 204 generally provides that wages are due and payable twice during each calendar month.

38. As alleged herein, Plaintiff and other members of the Unpaid Class would routinely work more than 8 hours per day or 40 hours per workweek, as reflected by actual time punch records. Whenever wages were paid, Defendants would shave off such overtime hours worked. Defendants additionally would automatically deduct a half hour of work time from Plaintiff and other employees' worked hours each workday.

39. As a matter of policy and practice, the wages for time shaved off or automatically deducted were not paid to Plaintiff and other members of the Unpaid Class upon the separation of employment. Defendants willfully failed to timely pay Plaintiff and the Unpaid Class all their wages when due or upon the separation of employment within the times prescribed by Sections 201-204. On information and belief, Defendants were advised by skilled lawyers and knew, or should have known, of the mandates of the Labor Code as it relates to Plaintiff's allegations. Defendants thus violated Sections 201-204 by not timely paying employees all due wages or timely paying employees all due wages upon the separation of employment.

40. Such a pattern, practice, and uniform administration of corporate policy is unlawful under Sections 201-204 and the applicable IWC Wage Order, and entitles Plaintiff and other members of the Unpaid Class to recover statutory penalties, attorneys' fees, and costs of suit.

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## THIRD CAUSE OF ACTION

## Violation of Labor Code § 226(a)

### (By Plaintiff, the Unpaid Class, and the Wage Statement Class Against All Defendants)

41. The preceding paragraphs are re-alleged and incorporated by this reference.

42. Section 226(a) requires employers to provide itemized wage statements to its employees that show accurate information, including without limitation, total hours worked, gross wages earned, net wages earned, the inclusive dates of the period for which the employee is paid, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. Defendants fail to provide accurate itemized wage statements to Plaintiff and the Class in violation of Section 226(a).

43. As a matter of policy and practice, wage statements issued by Defendants to Plaintiff and other members of the Wage Statement Class failed to identify the pay period start date, as the wage statements only identified the "Period Ending" date. Furthermore, for employees like Plaintiff who were paid on an hourly basis, the wage statements failed to identify applicable hourly rates of pay for wages earned. Rather, the wage statements simply showed the gross wages paid for each type of wage and the applicable hours used to calculate such wages. Defendants thus violated Section 226(a) by failing to provide complete itemized wage statements and owe applicable penalties to Plaintiff and other members of the Wage Statement Class.

44. As alleged herein Defendants also would shave off overtime hours worked by Plaintiff and other members of the Unpaid Class and additionally would automatically deduct a half hour of work time from Plaintiff and other members of the Unpaid Class's worked hours each workday. The wages for time shaved off or automatically deducted were not paid to Plaintiff and other members of the Unpaid Class and the applicable hours worked, applicable wage rates, total hours worked, gross wages earned, and net wages earned were inaccurately displayed on wage statements. Defendants thus violated Section 226(a) by failing to provide accurate itemized wage statements and owe applicable penalties to Plaintiff and other employees. Defendants thus violated Section 226(a) by failing to provide accurate itemized wage statements and owe applicable penalties to Plaintiff and other members of the Unpaid Class.

45. Such a pattern, practice, and uniform administration of corporate policy is unlawful under Section 226 and entitles Plaintiff and the Wage Statement Class to recover applicable penalties, attorneys' fees, and costs of suit.

## FOURTH CAUSE OF ACTION

### Violation of Business and Professions Code §§ 17200 *Et Seq.*

### (By Plaintiff and the Unpaid Class Against All Defendants)

46. The preceding paragraphs are re-alleged and incorporated by this reference.

47. Plaintiff is informed and believes that at Defendants have engaged and continue to engage in unfair and unlawful business practices in California by utilizing the employment policies and practices alleged herein in violation of Sections 226.7, 510, 512, 558, and 1194.

48. As alleged herein, Defendants uniformly administer a corporate policy and practice of (i) routinely refusing to provide proper and timely off-duty meal and rest breaks and routinely denying requests by Plaintiff and the Unpaid Class to take meal and rest breaks; (ii) shaving off overtime hours routinely worked by Plaintiff and the Unpaid Class in excess of 8 hours per day or 40 hours per workweek, as reflected by actual time punch records; and (iii) automatically deducting a half hour of work time from Plaintiff and the Unpaid Class's worked hours each workday.

49. Defendants' utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition and provides an unfair advantage over Defendants' competitors, as proscribed by the UCL. Defendants have deprived Plaintiff and the Class the minimum working condition standards and conditions due to them under the Labor Code and applicable IWC Wage Orders.

50. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Unpaid Class to full restitution of all monies withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein, including interest thereon, attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### Violation of Labor Code §§ 2698 *Et Seq.*

**(By Plaintiff and Aggrieved Employees Against All Defendants)**

51. The preceding paragraphs are re-alleged and incorporated by this reference.

52. Pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698 *et seq.* ("PAGA"), Plaintiff brings this cause of action as a proxy for the State of California. In this capacity, Plaintiff seeks penalties for Defendants' violations of Sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194 committed since April 6, 2019, against all aggrieved employees. Under Section 2699(c), Plaintiff is an "aggrieved employee," as one or more of the alleged violations was committed against Plaintiff as an employee of Defendants.

53. As stated herein, Defendants violate Sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194 by (i) routinely refusing to provide proper and timely off-duty meal and rest breaks and routinely denying requests by Plaintiff and other employees to take meal and rest breaks; (ii) shaving off overtime hours routinely worked by Plaintiff and other employees in excess of 8 hours per day or 40 hours per workweek, as reflected by actual time punch records; (iii) automatically deducting a half hour of work time from Plaintiff and other employees' worked hours each workday; (iv) failing to pay Plaintiff and other employees all wages upon the separation of employment; (v) failing to identify at all the pay period start date or applicable hourly rates of pay for wages earned on wage statements issued to Plaintiff and other employees; and (vi) failing to accurately show the applicable hours worked, applicable wage rates, total hours worked, gross wages earned, and net wages earned on wage statements issued to Plaintiff and other employees.

54. On or about July 28, 2020, Plaintiff sent written notice to the Labor & Workforce Development Agency ("LWDA") of specific facts and theories for Defendants' violations of Sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194. Plaintiff simultaneously sent written notice to Defendants via certified mail. As of the date of the filing of this Complaint, the LWDA has neither responded nor indicated that it intends to investigate the allegations in the written notice.

55.     As such, pursuant to Section 2699(a) and (f), Plaintiff seeks recovery of all applicable civil penalties for Defendants' violations of Sections 201-204, 226(a), 226.7, 510, 512, 558, and 1194 against all aggrieved employees for the time period described above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.     For an order certifying the proposed Class;

2.     For an order appointing Plaintiff as the representative of the Class;

3.     For an order appointing Counsel for Plaintiff as Class Counsel;

4.     Upon the First Cause of Action for unpaid premium wages, including interest thereon, pursuant to Section 226.7, and for costs and attorneys' fees;

5.     Upon the Second Cause of Action for unpaid wages and overtime, including interest thereon, liquidated damages, and penalties pursuant to Sections 201-204, 218.5, 510, 558, 1194, 1194.2, and 1197, and for costs and attorneys' fees;

6.     Upon the Third Cause of Action for statutory penalties pursuant to Section 226, and for costs and attorneys' fees

7.     Upon the Fourth Cause of Action for restitution of all funds unlawfully acquired by Defendants by any acts or practices declared to be in violation of the UCL, including interest thereon, and for costs and attorneys' fees;

8.     Upon the Fifth Cause of Action for penalties according to proof pursuant to Sections 210, 226.3, 558, 1197.1, and 2699, and for costs and attorneys' fees;

9.     Upon each cause of action for attorneys' fees and costs as provided by Sections 218.5, 226, 1194, or 2699, and Code of Civil Procedure section 1021.5; and

10.    For such other and further relief that the Court may deem just and proper.

DATED: August 17, 2020                DIVERSITY LAW GROUP, P.C.

                                      By: /s/
                                          Larry W. Lee
                                          Simon L. Yang
                                      Attorneys for Plaintiff, the Class, and Aggrieved
                                      Employees

15

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**